DAVIS, J.,
dissenting:
(Filed Nov. 18, 2013)
In this case, the Majority opinion found that the circuit court correctly concluded that a plaintiff who prevailed in an action against an insurer alleging a violation of the Unfair Trade Practices Act (“UTPA”) was not entitled to attorney’s fees incurred in litigating the UTPA action. This conclusion is based upon flawed reasoning and overrales precedent established by this Court in Jenkins v. J.C. Penney Casualty Insurance Co., 167 W.Va. 597, 280 S.E.2d 252 (1981), overruled on other grounds by State ex rel. State Farm Fire & Casualty Co. v. Madden, 192 W.Va. 155, 451 S.E.2d 721 (1994), and its progeny. Accordingly, I dissent.
*225 The Majority opinion discussed Jenkins, along with Dodrill v. Nationwide Mutual Insurance Co., 201 W.Va. 1, 491 S.E.2d 1 (1996), and concluded that those cases stand for the proposition that “attorney fees [are] awardable only for fees ‘incurred in the underlying action against a tortfeasor.’” Majority Op. at 742 (quoting Dodrill, 201 W.Va. at 16, 491 S.E.2d at 16) (emphasis added). Based upon this misled conclusion, the Majority erroneously reasoned that attorney’s fees incurred in pm-suing the subsequent UTPA claim may not be awarded. An examination of these cases demonstrates the Majority’s error.
Jenkins is a landmark case in which this Court established a private cause of action for violations of the UTPA: “An implied private cause of action may exist for a violation by an insurance company of the unfair settlement practice provisions of W. Va.Code, 33-11-4(9); but such implied private cause of action cannot be maintained until the underlying suit is resolved.” Syl. pt. 2, Jenkins, 167 W.Va. 597, 280 S.E.2d 252. In discussing the need to resolve the underlying direct action against an insurance company prior to pursuing a related UTPA claim, the Jenkins Court observed that resolution of the underlying claim is necessary to ascertain the amount of reasonable damages that may be recovered in the UTPA claim. The Jenkins Court elaborated that damages in a Jenkins claim should not duplicate damages obtained in the contract claim against the insurer and further commented that attorneys fees are recoverable:
[w]e do not attempt to delineate the entire damage issue on a statutory claim but it obviously does not serve to replicate the damages obtained in the underlying claim. Certainly, increased costs and expenses including the increase in attorney’s fees resulting from the failure to offer a prompt fair settlement could be recovered. In an appropriate case, punitive damages may be recovered.
167 W.Va. at 609 n. 12, 280 S.E.2d at 259 n. 12. Accord McCormick v. Allstate Ins. Co., 197 W.Va. 415, 423, 475 S.E.2d 507, 515 (1996) (“A prevailing plaintiff in a Jenkins claim may recover his increased costs and expenses, including increased attorney fees, resulting from the insurance company’s use of an unfair business practice in the settlement or failure to settle fairly the underlying claim.”). The Court’s declaration that “increased costs and expenses including the increase in attorney’s fees resulting from the failure to offer a prompt fair settlement could be recovered,”[1] is clearly intended to include the cost of pursuing the UTPA claim.
I am further persuaded that this interpretation is correct insofar as the availability of attorney’s fees for the underlying claim are governed by this Court’s holdings in Hayseeds, Inc. v. State Farm Fire & Casualty, 177 W.Va. 323, 352 S.E.2d 73 (1986) and Marshall v. Saseen, 192 W.Va. 94, 450 S.E.2d 791 (1994).[2] Pursuant to Hayseeds and Marshall, an award of attorney’s fees incurred in the underlying suit is dependent upon a finding that the plaintiff substantially prevailed. A different standard is applied to obtain attorney’s fees in connection with a UTPA claim. To succeed in a UTPA claim, and thereby become entitled to an award of reasonable attorney’s fees, a plaintiff must establish a violation of the UTPA that arises from a general business practice of the insurer:
*226 The conditions and predicate for bringing a case under Jenkins v. J.C. Penney Casualty Insurance Company, 167 W.Va. 597, 280 S.E.2d 252 (1981), are wholly different from those necessary for bringing an underlying contract action or for bringing an action under Hayseeds, Inc. v. State Farm Fire & Casualty, 177 W.Va. 323, 352 S.E.2d 73 (1986). Whereas under Hayseeds it is necessary that a policyholder substantially prevail on an underlying contract action before he may recover enhanced damages, under Jenkins there is no requirement that one substantially prevail; it is required that liability and damages be settled previously or in the course of the Jenkins litigation. Jenkins instead predicates entitlement to relief solely upon violation of the West Virginia Unfair Trade Practices Act, W. Va.Code § 33-11^4(9), where such violation arises from a “general business practice” on the part of the insurer.
Syl. pt. 9, McCormick v. Allstate Ins. Co., 197 W.Va. 415, 475 S.E.2d 507.
Furthermore, the facts of McCormick[3] dispel any doubt as to whether a plaintiff is entitled to seek reasonable attorney’s fees expended in a successful Jenkins action. The trial court in McCormick bifurcated the trial. The Hayseeds issues were tried first and the Jenkins issues were to follow. In the Hayseeds portion of the bifurcated trial, the circuit court found that, because the plaintiffs recovery in the underlying suit against the insurance company was significantly less than what the plaintiff had initially demanded, the plaintiff did not substantially prevail and, therefore, was not entitled to pursue attorney’s fees and punitive damages. Based upon this ruling, the trial court additionally refused to allow the plaintiff to proceed to trial on the Jenkins issues. On appeal, this Court affirmed the circuit court’s conclusion that the plaintiff was not entitled to attorney’s fees under Hayseeds. However, the Court found that the circuit court erred in refusing to allow the Jenkins claims to proceed. Accordingly, the case was remanded for additional proceedings on the Jenkins claims. Specifically, this Court commented that:
Pursuit of the Jenkins claim ... will afford full opportunity to litigate the substance of the remaining issues that were not adequately addressed during the first phase trial had below, including, ... whether appellant should be awarded attorney fees for vindicating his Jenkins-type claim and, if so, in what amount.
McCormick, 197 W.Va. at 428, 475 S.E.2d at 520.
Finally, I note that the Majority’s reliance on Dodrill v. Nationwide Mutual Insurance Co., 201 W.Va. 1, 491 S.E.2d 1, is misleading. The Majority asserts that “[i]n Dodrill, we clarified the fee issue, stating that attorney fees were awardable only for fees ‘incurred in the underlying action against a tortfeasor.’” Maj. Op. at 742 (second emphasis added). The Majority’s assertion that Dodrill limited the attorney’s fees that may be recovered to only those incurred in the underlying action is simply wrong. Dodrill contained no such limitation. Rather, the issue in Dodrill was whether the plaintiff was entitled to an award of his attorney’s fees that had been incurred in the underlying action. The Dodrill Court stated that “[i]n note 12 of our opinion in Jenkins, we addressed briefly some elements of damages recoverable in a claim of the nature before us, and we clearly sanctioned the recovery of attorney fees and costs incurred in the underlying action against a tortfeasor.” Dodrill, 201 W.Va. at 16, 491 S.E.2d at 16. Thus, while Dodrill does opine that the recovery of attorney’s fees incurred in the underlying action against the tortfeasor is available under Jenkins, Dodrill in no way limited the recovery to only those attorney’s fees.
In the instant case the plaintiffs prevailed in their UTPA claims, and, thus, they should have been awarded their reasonable attorney’s fees incurred in pursuing those claims. For the reasons stated above, I respectfully dissent. I am authorized to state that Justice Workman joins me in this dissenting opinion.

. Jenkins, 167 W.Va. at 609 n. 12, 280 S.E.2d at 259 n. 12 (emphasis added).

. In Syllabus point 1 of Hayseeds, Inc. v. State Farm Fire & Casualty, 177 W.Va. 323, 352 S.E.2d 73 (1986), this Court held that ”[w)henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured’s reasonable attorneys’ fees in vindicating its claim; (2) the insured’s damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience."
This holding was subsequently extended to apply specifically in the context of uninsured and underinsured motorist claims in Syllabus point 6 of Marshall v. Saseen, 192 W.Va. 94, 450 S.E.2d 791 (1994):
When a policyholder of uninsured or under-insured motorist coverage issued pursuant to W. Va.Code, 33-6-31(b) substantially prevails in a suit involving such coverage under W. Va.Code, 33-6-31(d), the insurer issuing such policy is liable for the amount recovered up to the policy limits, the policyholder's reasonable attorney fees, and damages proven for aggravation and inconvenience.

. Justice Albright authored both Jenkins and McCormick.